J-A13013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JARRETT MASON | : | |
| | : | |
| Appellant | : | No. 1189 EDA 2018 |

Appeal from the Judgment of Sentence March 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005369-2016

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 27, 2019**

Jarrett Mason ("Appellant") appeals from the judgment of sentence imposed after he entered a negotiated guilty plea to Robbery, Conspiracy to Commit Robbery, and Firearms Not to be Carried Without a License.[1] We affirm.

This case stems from Appellant's involvement in a burglary and robbery with two co-conspirators at 1513 South Etting Street in Philadelphia on January 31, 2016.  The criminal complaint filed against Appellant on February 1, 2016, was dismissed for lack of prosecution on April 5, 2016.  The Commonwealth refiled the complaint on April 18, 2016, and the case proceeded until Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P.

_____

[1]  18 Pa.C.S. §§ 3701, 903, and 6106, respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

600(A) ("Rule 600") on March 14, 2018. The trial court conducted a hearing on March 19, 2018, at which no one testified, and only the court dockets were entered into evidence. N.T., 3/19/18, at 4, Exhibits D1 and D2. The trial court denied Appellant's motion on March 23, 2018, at which point Appellant entered the negotiated guilty plea.[2]

Pursuant to the plea agreement, the trial court sentenced Appellant to incarceration for an aggregate term of three to six years, followed by four years of probation. This sentence was to run concurrently with another three-to-six-year sentence Appellant was serving for violations of the Uniform Firearms Act. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents one question for our consideration: "Did the lower court err by denying [Appellant's] Motion to Dismiss Pursuant to Rule 600(A) where more than 365 days had elapsed since the filing of the complaint and the Commonwealth was not duly diligent in bringing [Appellant] to trial?" Appellant's Brief at 4.

We review a Rule 600 issue according to the following principles:

> In evaluating Rule 600 issues, our standard of
> review of a trial court's decision is whether the trial

---

[2] The record supports Appellant's proffer that, "pursuant to this negotiated plea, the Commonwealth agreed, and the lower court accepted, that [Appellant] did not waive his right to appeal the denial of his Motion to Dismiss." Appellant's Brief at 5 (citation omitted). **See** Docket Entry 104 (trial court noting that Appellant's "right to appeal, pursuant to the 600A motion is to remain.").

court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Armstrong*, 74 A.3d 228, 234–35 (Pa.Super. 2013) (quotation omitted).

- 3 -

Rule 600 provides in pertinent part: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The rule further states:

> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

> To summarize, the courts of this Commonwealth employ three steps...in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600(D). As we have explained, Rule 600 encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.
>
> Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

> **Armstrong**, 74 A.3d at 236 (quotation marks and quotations omitted).

**Commonwealth v. Leaner**, 202 A.3d 749, 765–767 (Pa. Super. 2019).

Critical to our review is an understanding that Appellant and the trial court based their Rule 600 calculations on different starting and ending dates. Appellant began his calculation on February 1, 2016, the date the complaint was filed, and ended it on March 19, 2018, the date he filed the Rule 600 motion, a period containing 777 days. Of those 777 days, Appellant concedes that 203 days were excludable. Appellant's Brief at 12. He contends, however, that 569 days were **not** excludable,[3] and therefore, the Commonwealth did not bring him to trial within 365 days. **Id.** at 16. In contrast, the trial court began its Rule 600 calculation on April 18, 2016, the date the complaint was refiled, and ended it on March 23, 2018, the date of Appellant's guilty plea, a period containing 704 days. Trial Court Opinion, 8/15/18, at 5. Of those 704 days, the trial court found that 459 days were excludable,[4] and therefore, the Commonwealth did bring Appellant to trial within 365 days. **Id.**

---

[3] Because 777 total days minus 203 excludable days equals 574 days attributable to the Commonwealth, Appellant's total of 569 days does not account for five days.

[4] 704 total days minus 459 excludable days equals 245 days attributable to the Commonwealth.

Appellant first argues that various periods from February 1, 2016, to April 18, 2016, should have been included in the Rule 600 calculation. Appellant's Brief at 10. According to Appellant, the Commonwealth was not ready at the preliminary hearings on February 18, 2016, and April 5, 2016, nor was the Commonwealth duly diligent in prosecuting the original complaint. *Id.* at 12–13.

The trial court disagreed:

> There were 64 days from February 1, 2016, when the first complaint was filed, to April 5, 2016, when it was dismissed for lack of prosecution. These days were excludable and therefore not counted because the Commonwealth did not fail to exercise due diligence and was not acting to circumvent Rule 600.

> Next, the 13 days from April 5, 2016 to April 18, 2016 (when the complaint was refiled) were excludable because no complaint was pending during this time period. Therefore the 365 days allotted to the Commonwealth by Rule 600[A] began to run on April 18, 2016.

> There was a total of 704 days between the date the complaint was refiled [on April 18, 2016,] and the Appellant's guilty plea [on March 23, 2018].

Trial Court Opinion, 8/15/18, at 4–5 (footnotes and citations omitted).

In **Commonwealth v. Simms**, 500 A.2d 801 (Pa. 1985), the Pennsylvania Supreme Court clarified the standard for determining when the Rule 600 period begins to run in a case where multiple complaints have been filed against a defendant. The Supreme Court explained:

> [W]hen an initial complaint has been withdrawn or otherwise dismissed, the [Rule 600 time] period begins to run anew with the filing of a subsequent complaint only if (1) the earlier complaint was properly dismissed by a competent magisterial or judicial

authority, and (2) the record does not reveal evidence of a prosecution attempt to circumvent Rule [600].

*Id.* at 803.

Here, "a competent magisterial or judicial authority" dismissed the February 1, 2016 complaint for lack of prosecution. Moreover, nothing in the record suggests that dismissal of the February 1, 2016 complaint was an attempt by the Commonwealth to evade the requirements of Rule 600, and as such, a pretext to circumvent Rule 600. *Compare Commonwealth v. Lynn*, 815 A.2d 1053, 1057 (Pa. Super. 2003) (arresting officer testified he withdrew complaint and refiled it the same day based on assistant district attorney's advice to withdraw and refile the same charges because of a "time problem"). Accordingly, we conclude the Rule 600 period began to run anew upon the Commonwealth's refiling of the complaint on April 18, 2016.

Appellant next argues that various periods from April 18, 2016, to July 13, 2016, the date of a scheduling conference, should not be excluded. Appellant's Brief at 14–15. The trial court appears to have included these periods in its calculation of the Rule 600 run date. *See* Trial Court Opinion, 8/15/18, at 5 (no discussion of period from April 18, 2016, to July 13, 2016, as excludable).

Appellant and the trial court agreed that the periods from July 13, 2016, to November 30, 2016, the date of a status conference, and from November 30, 2016, to December 19, 2016, the ensuing status conference, were not excludable. Appellant's Brief at 15; Trial Court Opinion, 8/15/18, at

5. However, Appellant and the trial court did not agree on the 273 days between December 19, 2016, and September 18, 2017.[5] According to Appellant, this period should be included in the Rule 600 calculation because "the docket indicates that the Commonwealth was not ready [on December 19, 2016,] and was requesting a continuance [because discovery was incomplete.]" Appellant's Brief at 16. Therefore, Appellant contends, "the time should never have been ruled excludable without a showing that the Commonwealth was duly diligent during this time." *Id.* (citation omitted).

Upon review of the record, we found the following exchanges at the hearing on Appellant's Rule 600 motion regarding the challenged 273 days:

> THE COURT: And what's the time period again?
>
> [DISTRICT ATTORNEY]: That was from December 19th, 2016 to September 18th, 2017. It was ruled time ruled excludable ["TRE"], I believe, based on the [c]ourt's schedule as well as the schedules of the two other defense attorneys. So those 273 days should not be counted against the Commonwealth.
>
> THE COURT: That's 12/19/2016 to –
>
> [DISTRICT ATTORNEY]: September 18th, 2017.
>
> * * *
>
> [DEFENSE ATTORNEY]: But, importantly, on the date of December 19th, 2016, I don't have on my file that there was an agreement that the time would be ruled excludable. I do see the

---

[5] Appellant does not dispute the trial court's finding that the 186 days between September 18, 2017, when the defense requested a continuance, and Appellant's guilty plea on March 23, 2018, were excludable because defense counsel was unavailable due to a medical emergency. Appellant's Brief at 16–17; Trial Court Opinion, 8/15/18, at 5.

- 8 -

docket states that but that's Your Honor's own ruling, so you can decide whether that ruling's appropriate or not, but it states that the Commonwealth request for a continuance as discovery is incomplete.

[The district attorney] represented he thinks the [c]ourt may have been in trial or something like that. Once again, there's no evidence of that and that was listed for a status of discovery date. It wouldn't have been there for trial. I don't think Your Honor would have said, okay, we're going to continue this and rule it excludable because I'm on trial and we can't deal with the discovery issue.

Your Honor did deal with the discovery issue and you said, look, Commonwealth is not ready, discovery is incomplete. Not only that, Your Honor, it does say time ruled excludable, so if you would say, you know what, it's in the docket, I made my ruling on that, I understand, but the next court date was actually January 26th, 2017, so that would take us from 12/19 to 1/26.

On 1/26, it's Commonwealth request for a continuance, discovery incomplete and there was no ruling specifically on that date that the time would be ruled excludable. So if you look from that date, from January 26th, 2017 all the way through September 8th, 2017, that's Commonwealth request, discovery incomplete. They have not shown this [c]ourt how they were duly diligent during that time. Obviously that time would take us well above 365 days.

THE COURT: Okay. [District Attorney]?

[DISTRICT ATTORNEY]: Your Honor, I mean, those were status dates. The actual time from where it's marked TRE to the trial date would be TRE, so that shouldn't count against the Commonwealth if we agreed it was TRE or you ruled it as TRE.

The fact that we had dates in between doesn't mean that something changes with the docket or that something changes with the ruling, but it was marked TRE and it should be held as TRE.

N.T., 5/19/18, at 15.

The transcript from the December 19, 2016 status conference confirms that the attorneys selected September 18, 2017, as the trial date to accommodate their various schedules:

> THE CRIER: You want to let counsel just gather themselves and pick a Monday that's good for them, and then the [c]ourt can just put it on the calendar?
>
> THE COURT: Yeah. Why don't you do that.
>
> (Counsel step outside of the room.)
> (Whereupon, another matter was heard before the Court.)
>
> THE COURT: All right. Did you all pick a date?
>
> [DEFENSE ATTORNEY]: Yes, sir.
>
> THE COURT: Okay.
>
> THE CRIER: You said September 18th?
>
> [DEFENSE ATTORNEY]: Yes.
>
> THE CRIER: Judge, they picked a date, but in the calendaring, you don't have a bucket for the date that they would like to list it for trial. They would like to list it on September 18th, but you don't have a bucket. So I'd have to call and see if I can get a bucket created.
>
> THE COURT: Why can't it be -- we don't have cases that far out yet; right?
>
> THE CRIER: You don't have any past August, the last week of August.
>
> THE COURT: Okay. All right. But this date seems to work for everybody?
>
> [DEFENSE ATTORNEY]: Yes, sir.
>
> * * *

THE COURT: All right. So July 18th for discovery date. And when's the trial date again?

THE CLERK: 9/18. Trial readiness 9/14.

THE COURT: Thank you.

[CO-DEFENDANT ATTORNEY]: Trial readiness is 9/14?

THE COURT: Okay. Thanks a lot. Everyone is attached. No further continuances. Must be tried.

[DEFENSE COUNSEL]: Thank you, Your Honor.

THE COURT: Thank you.

[DEFENSE COUNSEL]: Judge, just for the record, this is -- Judge, I don't think there's any objection to this being marked "TRE," that the time is not going to be counted toward the Commonwealth, just for the record.

N.T., 12/19/16, at 8–9.

Mindful of our deferential standard of review, we note that, in disposing of the 273 days, the trial court ruled that the period from December 19, 2016, to September 18, 2017, was marked "Time ruled excludable." Docket Entry 78. The notes of testimony confirm the reasoning behind the delay of 273 days: a joint decision by the attorneys and the court to select a trial date available to all of them. Scheduling a trial date at the earliest possible time for all parties and the court would constitute excusable delay. *See Commonwealth v. Holt*, 175 A.3d 1014, 1022 (Pa. Super. 2017) (finding eleven-month delay to be excusable as conflicts with counsel and changes in judicial assignment caused trial court to reschedule defendant's trial for earliest possible date and delay occurred despite prosecution's due diligence).

Thus, contrary to Appellant's assertion, this time did not count against the Commonwealth.

Based on the record, we conclude that Appellant was not entitled to dismissal. Thus, the trial court did not abuse its discretion in denying him relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/19